# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BRIAN LEGAULT, )
)
    Movant, )
)
vs. ) Case No. 16-00127-CV-W-FJG
) Crim No. 10-00185-01-CR-W-FJG
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

Currently pending before the Court is Brian Legault's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. # 1), Motion for Order to Seal Document (Doc. # 11) and Motion for Order on Motion to Vacate (Doc. # 13).

### I. BACKGROUND

On April 26, 2011, movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On January 27, 2012, this Court sentenced Legault to a term of 94 months imprisonment following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The PSR found that Legault had at least three qualifying prior convictions that triggered an enhancement under the Armed Career Criminal Act ("ACCA"). The PSR determined that Legault had a total offense level of 31, a criminal history category of VI and a guideline range of 188 to 235 months. The government moved for a downward departure based upon substantial assistance which was accepted by the Court.

In reliance on <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), where the Supreme Court held that the residual clause of the

ACCA was unconstitutionally vague, Legault seeks relief under 28 U.S.C. § 2255, and asks this Court to vacate his previous sentence of 94 months and resentence him without application of the ACCA.

Legault asserts that his prior convictions for Missouri rape, Missouri sexual assault and Missouri robbery in the second degree are not violent felonies after <u>Johnson</u> as these convictions do not fall within the enumerated offense clause of the ACCA nor do they have as an element the use, attempted use, or threatened use of physical force against the person of another. Because Legault does not have three prior convictions which qualify as violent felonies under the ACCA, he argues that he is no longer subject to the enhanced sentence mandated by the statute. Legault received a sentence of 94 months, which was below the statutory mandatory minimum of 180 months, but this was because the Government filed a motion for downward departure. Legault argues that because both the guideline range of 188 to 235 months and the statutory mandatory minimum sentence of 180 months were based on the application of the residual clause, he is entitled to relief.

The Government opposes Legault's motion, arguing that he has a "cognizable <u>Johnson</u> claim because the calculation of his sentence reflected constitutional error in light of <u>Johnson</u>, however, Legault does not have a meritorious <u>Johnson</u> claim, and is not entitled to relief, because his current 94-month sentence does not exceed the 120-month statutory maximum sentence for his offense of conviction." (Government's Suggestions in Opposition, p. 2). The Government concedes that the reduction in the statutory maximum from 180 to 120 months would reduce the maximum term of supervised release from five years to three years. The Government states that this

2

reduction of the term of supervised release is the only relief that Legault is entitled to receive. (Government's Suggestions in Opposition, p. 3).

The Court disagrees and finds that Legault is entitled to be resentenced pursuant to Johnson.

## II. DISCUSSION

The Court first finds that Legault's motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in Johnson. See 28 U.S.C. § 2255(f)(3). Pursuant to Welch v. U.S., 136 S.Ct. 1257 (2016), the Court further finds that Johnson constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants who were previously sentenced under the ACCA.

In light of Johnson, the court further finds that Legault's prior Missouri convictions for rape and sexual assault are not "violent felonies" under the ACCA. In 1991, when Legault committed the offense of rape, the statute defined the crime as follows: "A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old." Mo.Rev.Stat. § 566.030(3). There is no element in the statute requiring the use, attempted use or threatened use of force against the person of another. Additionally, in 1991, Missouri defined sexual assault in the first degree as follows: "A person commits the crime of sexual assault in the first degree if he has sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old knowing that he does so without that person's consent." Mo.Rev.Stat. § 566.040. There is no element in this statute which requires the use, attempted use or threatened

3

use of physical force against the person of another in order to commit the offense of sexual assault in the first degree. Thus, the Court finds that neither of Legault's convictions for Missouri rape or sexual assault qualify as violent felonies under the ACCA. Legault also argues that his conviction for robbery in the second degree, defined in Mo.Rev.Stat. § 569.030 is also not a crime of violence. However, because the Court has determined that the rape and sexual assault convictions do not qualify as violent felonies under the ACCA, it is not necessary for the Court to reach the question of whether second degree robbery qualifies as a violent felony under the ACCA. Therefore, the Court concludes that Legault does not have the necessary three predicate violent felony convictions to qualify for sentencing under the ACCA.

The Government also argues that Legault is not entitled to relief pursuant to Johnson because his 94-month sentence did not exceed the 120 month statutory maximum sentence. The Government argues that the "absence of a sentence in excess of the applicable statutory maximum precludes this court from granting Legault relief pursuant to § 2255." (Government's Objection to Movant's 2255 Claim). However, what the Government is overlooks is that Legault received a sentence below the 120 month statutory maximum only because the Government filed a motion for downward departure which the Court accepted. It is incorrect to focus only on the end result and if the sentence is below 120 months, then conclude that a petitioner would not be entitled to relief. Rather, Courts should look at what the sentence would have been without the ACCA designation and then factor in the downward departure. Other courts have granted relief pursuant to Johnson, when the initial sentence given was below 120 months. In Moore v. United States, Nos. 3:10-CR-55-TAV-CCS-1, 3:16-CV-

4

13-TAV, 2016 WL 482030 (E.D.Tenn. Feb. 5, 2016), the defendant was deemed to be an armed career criminal and subject to the 180 month mandatory minimum. However, as a result of his substantial assistance, the government moved for a downward departure and the defendant was sentenced to 108 months imprisonment. The defendant then filed a §2255 claim under Johnson arguing that he was entitled to be resentenced. The Court agreed finding that "[w]ithout ACCA enhancement, the maximum punishment to which Petitioner can lawfully be subjected to is 120 months' incarceration, followed by three years supervised release." Id. at *3. The Court in that case granted the motion to vacate and resentenced petitioner to time served.

Based on the above findings, the Court concludes that Legault's currently imposed sentence is a per se illegal sentence, because he was incorrectly deemed to be a armed career criminal pursuant to the residual clause of the ACCA. Even though the sentence which he ultimately received was less than the statutory maximum, due to his substantial cooperation, the Court finds that Legault is entitled to be re-sentenced without the ACCA designation being applied.

### III. CONCLUSION

Accordingly, the Court hereby **GRANTS** movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) and **GRANTS** movant's Motion for Order on Motion to Vacate (Doc. # 13). The Court also **GRANTS** movant's Motion for Order to Seal Documents (Doc. # 11). The Court hereby **ORDERS** that:

1) The Probation Office shall prepare an updated Presentence Investigation Report; and

2) The Court will set a date for the resentencing hearing upon receipt of the Presentence Investigation Report; and

3) The Clerk's Office is hereby directed to place Documents 1-4 under seal due to the sensitive nature of the information contained within the documents.

Date:  April 29, 2016                                        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                 Fernando J. Gaitan, Jr.
                                                                            United States District Judge